HAZOURI, J.
The state appeals the trial court’s order that granted Shermaine Lowe’s motion to suppress physical evidence, his post arrest statement and the results of a photo lineup. We affirm.
Lowe was charged in one information with armed robbery with a firearm and in a second information with possession of cocaine. He filed identical motions to suppress the cocaine, the statement made while in custody after his arrest for the cocaine possession in which he admitted to the robbery, and the results of a photo lineup in each case, alleging that all were the product of a stop and frisk made without reasonable suspicion. The trial court concluded this was a “consensual encounter” between a citizen and a law enforcement officer. The trial court also found that the officer did not have a reasonable factual basis to have a justifiable fear for his safety and therefore the stop and frisk was invalid.
Our supreme court has recently again explained the various standards of review that apply to suppression orders:
Suppression issues are extraordinarily rich in diversity and run the gamut from (1) pure questions of fact, to (2) mixed questions of law and fact, to (3) pure questions of law. Reviewing courts must exercise care when examining such issues, for while the issues themselves may be posed in broad legal terms ..., the actual ruling is often discrete and factual.... Appellate courts cannot use their review powers in such cases as a *1188 mechanism for reevaluating conflicting testimony and exerting covert control over the factual findings. As with all trial court rulings, a suppression ruling comes to the reviewing court clad in a presumption of correctness as to all fact-based issues, and the proper standard of review depends on the nature of the ruling in each case.
State v. Glatzmayer, 789 So.2d 297 (Fla.2001) (footnotes omitted).
The issue in this case is whether, based on the facts established at the evi-dentiary hearing, the officer had reasonable grounds to believe that the Defendant was armed and dangerous in order to conduct a stop and pat down for weapons. See Johnson v. State, 785 So.2d 1224 (Fla. 4th DCA 2001) (an officer can conduct a pat down as part of a consensual encounter, for which there is no reasonable suspicion to justify a Terry[1] stop, if facts arise during the encounter that give the officer reasonable suspicion that the citizen is armed and dangerous). The issue is therefore a mixed question of fact and law, subject to a de novo review. The record of the hearing on the motion to suppress reveals that the trial court made factual findings and resolved conflicts in the testimony in such a way that supports the granting of the motion to suppress.
Our court’s recent decision in Johnson tracks the Florida case law concerning the legal principles that apply to suppression hearings dealing with situations where a pat down occurs during a consensual encounter. As Judge Gross points out “there is no clear, bright dividing line between a permissible pat down and one that is constitutionally infirm. Florida cases are fact sensitive ...” Id. at 1226. This is just such a case. We hold the trial court applied the correct law to the facts and did not abuse its discretion in granting the motion to suppress.
We affirm.
STONE and GROSS, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).